# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| PAULA TERRELL,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>STATE FARM MUTUAL<br>INSURANCE COMPANY,<br><br>　　　　　　Defendant. | CASE NO. C19-255-MJP<br><br>ORDER GRANTING MOTION FOR REMAND |

THIS MATTER comes before the Court on Plaintiff Motion for Remand. (Dkt. No. 6.) Having reviewed the Motion, the Response (Dkt. No. 9), the Reply (Dkt. No. 12) and the related record, the Court GRANTS the Motion.

This is an insurance coverage dispute involving Plaintiff Paula Terrell, the insured, and Defendant State Farm Mutual Insurance Company ("State Farm"). (See Dkt. No. 1, Ex. 1.) Ms. Terrell is a resident of Washington State. (Id. at ¶ 2.1.) State Farm is a foreign corporation. (Id. at ¶ 2.2; see also Dkt. No. 1.) Ms. Terrell alleges she was driving in Seattle, Washington, when she was struck by an uninsured motorist. (Dkt. No. 1, Ex. 1 at ¶¶ 3.1-3.4.) Ms. Terrell alleges

she suffered personal injuries requiring medical care and treatment, physical pain, mental anguish, disability, discomfort, loss of earnings and loss of enjoyment of life. (Id. at ¶ 3.6.) After State Farm denied coverage, Ms. Terrell filed suit in King County Superior Court seeking payment of underinsured motorist ("UIM") benefits. (Id. at ¶¶ 5.1-5.4.)

On February 21, 2019, State Farm filed a Notice of Removal under 28 U.S.C. §§ 1441 and 1446 based upon its "good-faith belief that the amount in controversy exceeds $75,000 exclusive of interests and costs." (Dkt. No. 1 at 2.) Ms. Terrell now moves to remand. (Dkt. No. 6.)

Ms. Terrell contends that State Farm has failed to meet its burden of proving that the amount in controversy exceeds $75,000. (Id.) In particular, Ms. Terrell contends that State Farm's "good-faith belief" is insufficient, and that they must offer specific evidence that the jurisdictional threshold will be met before the case can be removed. (Id.) State Farm responds that: (1) it has already paid Ms. Terrell $100,000 in personal injury protection ("PIP") medical expenses under her policy; (2) Ms. Terrell's policy limit is $100,000 per person for UIM bodily injury; and (3) before filing suit, Ms. Terrell sent State Farm a demand letter seeking $100,000 to resolve the claim. (Dkt. No. 9.) Accordingly, State Farm contends that "it is reasonable to conclude that the amount in controversy exceeds the minimum requirement of $75,000." (Id.)

"[I]n cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." Id. (citations omitted). The Court finds that State Farm has not done so.

1    In particular, the Court finds that State Farm's reliance on Cohn v. Petsmart, Inc., 281

2    F.3d 837 (9th Cir. 2002) is misplaced. There, the plaintiff sent a pre-suit demand letter offering

3    to settle the dispute, in which he asserted that "the [claim] is worth more than $100,000 to him"

4    and demanded that amount in compensation. Id. at 839-840. The Ninth Circuit concluded that

5    the settlement letter was relevant evidence of the amount in controversy because it "appear[ed] to

6    reflect a reasonable estimate of the plaintiff's claim" and the plaintiff "made no attempt to

7    disavow his letter or offer contrary evidence," but instead "consistently maintained that his

8    [claim] is worth more than $100,000." Id. at 840. Here, Ms. Terrell's settlement letter was sent

9    over one year ago and stated only that she was "formally making a demand for the policy limits

10   in this matter." (Dkt. No. 10, Ex. C.) The settlement letter did not place a specific value on the

11   claim, and Ms. Terrell has indicated her intent to disavow the demand. (See Dkt. No. 12 at 2-3

12   (explaining that "[t]he demand was part of a broader letter about State Farm's failure to

13   investigate or communicate and was, on its face, written to provide a quick resolution to the

14   claims adjustment process."); Dkt. No. 13 at 2-3 (explaining that "[t]hat demand made no

15   estimate of plaintiff's claim" and "State Farm's failure to respond in a reasonable time let the

16   offer lapse . . .").) Nor does the Court find the fact that State Farm has already paid Ms. Terrell

17   $100,000 in PIP benefits relevant to the value of her claim for UIM benefits. The PIP benefits

18   have already been paid and are not in controversy.

19         Therefore, the Court GRANTS Plaintiff's Motion for Remand. The Court DENIES Ms.

20   Terrell's request for attorney fees. While State Farm failed to establish the amount in

21   controversy by a preponderance of the evidence, its arguments for removal were not so

22   objectively unreasonable as to warrant fees under 28 U.S.C. 1447(c), nor does the Court find that

23

24

it sought to remove the case "for the purpose of prolonging litigation and imposing costs on the opposing party." Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005).

This case is hereby remanded to King County Superior Court, Case No. 19-2-01543-8 SEA. All hearings and other deadlines are stricken and the clerk is directed to close this case.

The clerk is ordered to provide copies of this order to all counsel and to the King County Superior Court.

Dated March 26, 2019.

Marsha J. Pechman
United States District Judge